GEORGE W. CROUCH, SR., Respondent, *v.* TRIMBY AND BREWSTER SHOE COMPANY, Appellant.

*Landlord and tenant — renewal of a lease for an additional term, when presumed — not presumed from the occupancy of the leased and other premises, after the end of the first term — a tenancy at will is thus established.*

Where a tenant occupies premises, under a lease which contains a provision giving to the tenant the privilege of renewal for an additional term on condition of his notifying the landlord to that effect on or before a specified date, after the expiration of the term, with the consent of the landlord, paying the rent as it accrues, he will be presumed to have waived the necessity for giving the notice and is bound for the additional term.

In an action brought by a landlord to recover rent alleged to be due for certain leased premises, it was shown that the tenant notified the landlord, prior to the time fixed by the lease for the giving of such notice of its election to renew the same for the additional term, that the leased premises (a floor in the building) were insufficient for the purposes of its business, and thereafter took possession of an additional floor in such building with the consent of the landlord, the landlord making certain alterations therein and the tenant paying as rent, for both floors, twice the amount called for by the lease of the one floor.

*Held,* that the tenant, by continuing the possession of both floors after the termination of the lease of the one floor, became a tenant at will, and that there was no election shown on his part to renew the lease of the one floor for the additional term.

APPEAL by the defendant, the Trimby and Brewster Shoe Company, from a judgment of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 18th day of July, 1894, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 9th day of July, 1894, denying the defendant's motion for a new trial made upon the minutes.

The defendant was a corporation engaged in manufacturing boots and shoes in the city of Rochester. The plaintiff leased to the defendant by written lease dated on the 1st day of April, 1890, the third floor of a building in the city of Rochester for the term of two years from its date at the annual rent of $800, to be paid in equal monthly installments. The lease gave to the defendant the privilege of renewal thereof for an additional term of two years from March 31, 1892, upon the same terms and conditions, by notifying the landlord to that effect on or before February 1, 1892. The

defendant entered into possession of the demised premises, and its business having increased so that it needed more room, it entered into negotiations with the plaintiff at the close of the first year of the lease for the second floor of the building. It was agreed between the parties that the plaintiff should make such changes in the rooms that they could be occupied together. The changes agreed upon were the connecting of the two rooms by a stairway and the changing of some partitions. It was agreed that the lease of the two floors should be for the term of three years from the 1st day of April, 1891, at an annual rental of $1,600, payable in monthly installments, and that a written lease should be prepared and executed by the parties. The plaintiff caused one to be prepared for both floors according to the terms of the agreement, and delivered the same to the defendant. It was, however, never executed, but the required changes were made and the defendant entered into occupation of the second floor and continued to occupy and pay the rent for the two floors until the 1st day of March, 1893. It then vacated the premises.

No notice was ever given by the defendant of its election to exercise the privilege of continuing the first lease for the additional two years. The reason assigned by the defendant for leaving the premises was that the plaintiff had leased the first floor of the building for a business which the defendant considered to be hazardous, and which it was claimed increased the danger of the building being destroyed by fire, and increased the cost of insurance.

The plaintiff claimed to recover under the first lease for the use of the third floor for the months of April, May, June and July in the year 1893 the sum of $266.68, and for a second cause of action a like amount for the use of the second floor of the building.

At the close of the plaintiff's evidence the court directed a nonsuit as to the second cause of action and denied the defendant's motion for a nonsuit as to the first cause of action. The defendant duly excepted, and at the close of the evidence renewed its motion for a direction of a verdict upon the ground that there was no evidence of a renewal of the first lease. The motion was denied and the defendant thereupon asked to go to the jury upon the question whether there was a surrender of the lease of the third floor upon the 1st of April, 1891, and whether the defendant ever elected to

continue in occupation of the third floor after the expiration of the two years mentioned in the written lease, and whether there was an eviction of the defendant from the premises. The motions were denied and the defendant duly excepted, and the court thereupon directed a verdict for the plaintiff for the sum of $208, and the defendant duly excepted.

*J. B. M. Stephens,* for the appellant.

*E. F. Turk,* for the respondent.

Lewis, J. :

The only question presented by this appeal that merits consideration is whether the defendant by continuing in the occupation of the third floor in the manner stated, after the expiration of the two years provided for in the written lease, must be held to have waived the necessity of giving the formal notice provided for by the terms of the written lease, and thereby extended the term for two years after the 1st of April, 1892.

The general rule contended for by the plaintiff is that where a tenant occupies premises under a lease containing the provision as to extension of the term like the one in suit, and continues to occupy the premises after the expiration of the term with the consent of the landlord, paying the rent as it accrues, he is held to have waived the necessity for giving the notice and is bound for the additional time ; but has that rule any application to this case? Here the tenant, before the time fixed for giving the notice had arrived, determined that the one floor would not accommodate its business, and so informed the plaintiff. Had it not been able to obtain the additional room there is nothing in the case justifying the conclusion that it would have availed itself of the privilege of continuing the term of the first lease. The evidence negatives any such claim. The premises first leased had been altered by changing the partitions and connecting the two rooms by a stairway, and thereafter both floors were occupied under the new arrangement for the increased rental, which happens to be just twice the amount called for by the first lease.

We fail to find any evidence justifying the inference that the defendant ever elected to avail itself of the right to extend the term

of the first lease, or that the landlord supposed it was to be extended. By continuing in the possession of both floors after the termination of the first lease the defendant became a tenant at will. The first lease, by its terms, expired with the month of March, in the year 1892, and unless it was extended by the parties thereto for the additional two years the defendant was not liable under its provisions. The question is not whether the conditions of the first lease were changed or modified by the verbal contract for the two rooms; that is not the claim of the defendant; but the question is, was the lease renewed for an additional term of two years?

The court, we think, erred in directing a verdict for the plaintiff, and the judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

Dwight, P. J., Haight and Bradley, JJ., concurred.

Judgment and order of the County Court of Monroe county appealed from reversed and a new trial granted, costs to abide the event.